Hope and another *v.* Brinckerhoff and another.

Where a judgment debtor is entitled to a share of personalty by the death of a relation, and such death happens before the filing of a creditor's bill, but administration on the estate of the decedent takes place afterwards: *Held,* that a supplemental bill might be filed to impound the fund, although the creditor, had he known of the debtor's right to the fund, might have brought it in by an amendment to the original bill.

*October* 8,
1845.

*Pleading.*
*Practice.*
*Supple-*
*mental bill.*
*Amend-*
*ment.*

A JUDGMENT creditor's bill had been filed against George Brinckerhoff, as the judgment debtor and Thomas F. Richards, as his assignee under voluntary assignment. Answers had been put in and replications filed.

The complainants then filed a supplemental bill; and therein, after setting forth the original bill and its position, added the following allegations and clauses: "And your complainants further show that they are informed and believe and so state the fact to be, that the said defendant, George Brinckerhoff, at the time of filing the original bill in this cause was entitled, as one of the heirs at law of his mother Dorothea Brinckerhoff, deceased, or in some other way was interested in or entitled to a share or portion of the present estate of the said Dorothea Brinckerhoff, deceased, which claim was not known to your complainants at the time of filing the said original bill. And your complainants further show, by way of supplement, that they have been informed since the filing the replication to the said last answer to the said original bill and so state the fact to be that since the filing of the original bill in this cause, to wit, on the ninth day of March in the year one thousand eight hundred and forty-two, letters of administration upon the goods, chattels and credits of which the said Dorothea Brinckerhoff died possessed was granted by the surrogate of the county of New-York to John L. Lawrence, Esquire, of the city of New-York; and that your complainants have been, on this fourth day of June in the year one thousand eight hundred and forty-five, informed on inquiry made of the said John L. Lawrence that there is a large amount of

the personal estate of the said Dorothea Brinckerhoff, deceased, now in the hands of the said John L. Lawrence, as such administrator, the particulars of which or amount your orators are ignorant and pray a discovery. And your complainants further show by way of supplement, that they have been informed, since the filing and service of the said last replication, that the said George Brinckerhoff succeeded in establishing his right to have his share, portion or interest in the personal estate of the said Dorothea Brinckerhoff deceased, paid to him; and that the said George Brinckerhoff is now entitled to a large amount of money as his share of the said estate which is now in the possession of the said John L. Lawrence, Esquire, of the city of New-York, as administrator of the goods, chattels and credits which were of the said Dorothea Brinckerhoff, deceased, at the time of her death; and that there is now in the hands of the said John L. Lawrence, as such administrator, a large amount of money, to wit, more than sufficient to pay off and satisfy the amount due on the said judgment and the interest and costs of the proceedings therein, which belong to the said George Brinckerhoff as his distributive share of the estate of the said Dorothea Brinckerhoff, deceased, and which he claims as one of the heirs at law of the said Dorothea Brinckerhoff, deceased, the particulars of which your complainants are ignorant and unable to state; and your complainants pray a full discovery of the same; and which the said George Brinckerhoff is now endeavoring to get the possession of to apply the same to his own use. And your complainants further show, that they are apprehensive that the said John L. Lawrence, the said administrator, will pay to the said George Brinckherhoff his distributive share of the estate of the said Dorothea Brinckerhoff, deceased, and that the same will be utterly lost to your complainants, unless said John L. Lawrence should be restrained or enjoined by the injunction of the court. And your complainants further show that they are advised and believe that the said John L. Lawrence, the said administrator of the goods, chattels and credits which were of the said Dorothea Brinckerhoff, deceased, is a proper and necessary party to the said bill of complaint as filed as aforesaid; and that they are also ad-

1845.

HOPE
*v.*
BRINCKER-
HOFF.

vised and believe that they are entitled to the same relief against the said John L. Lawrence, as such administrator as aforesaid, as they would have been entitled to against the said George Brinckerhoff if the said John L. Lawrence had not been appointed such administrator and to the same relief as they would have been entitled to if the said John L. Lawrence, as such administrator as aforesaid, had been made a party to the said original and amended bill, to the end, therefore, &c." *Prayer*, that the said distributive share may be paid by the said John L. Lawrence to the receiver appointed in the cause or a sufficient amount thereof to pay and satisfy the amount due to the complainant, with costs; and for an injunction to restrain the disposition of so much as would be sufficient for that purpose, and adding John L. Lawrence as a party.

Demurrer interposed; and the argument on it now came before the court.

Mr. *Brinckerhoff*, in *pro. per.*

Mr. *William S. Sears*, for the complainant.

June 9.

THE VICE-CHANCELLOR:—The ground on which this demurrer is taken is, that the matter of substance introduced by way of supplement might have been introduced into the original bill by way of amendment; and, hence, that a supplemental bill is unnecessary. It is true that wherever the same end can be obtained by amendment, the court will not permit a supplemental bill to be filed (Mitford, 62); but new matter or events which have arisen since the filing of the original bill cannot be set up by amendment—and if they are intended to be invoked as a ground for relief, resort must be had to a secondary bill. Now, in this instance, the share or interest of the defendant in the estate of his deceased mother existed and was just as perfect before and at the time of filing the original bill as it was afterwards; and, by amending the bill, the complainants could have had a decree against the defendant Brinckerhoff, compelling him to assign the claim to a receiver so that the same should be collected and applied to the pay-

ment of their debt. If, however, it was necessary or if not actually necessary, yet if it was proper to make John L. Lawrence a party defendant in order directly to reach the funds in his hands as administrator, that course could only be pursued by means of a supplemental bill. John L. Lawrence, it appears, did not become such administrator and possess himself of the assets until long after the original bill was filed; and, having funds in his hands belonging to the defendant, as this bill now shows, I cannot undertake to say that it was improper to make him a party and to ask that he be decreed to apply so much of it as may be necessary to satify the complainant's judgment debt and to have him enjoined in the mean time from paying the money over to the defendant. This specific relief, it seems to me, the complainants have a right to ask for; and having that right, it is only available to them by a supplemental bill. If the complainants had been content to seek payment out of this specific fund, through the medium of an assignment by Mr. Brinckerhoff to the receiver in the cause, it might have been necessary to have done no more than to amend the bill by alleging the existence of the property in the hands of Lawrence under a grant of letters of administration, though subsequent. Such a bare allegation being admissible as an amendment within the exception to the general rule adverted to by the chancellor in *Buck, ex'r.* v. *Buck,* 4 Saratoga Sentinel Rep. 4, 5.

Order: that demurrer be óverruled, with costs.